## JACKSONVILLE AREA ASSOCIATION FOR RETARDED CITIZENS, Plaintiff,

v.

## GENERAL SERVICE EMPLOYEES UNION, LOCAL 73, Defendant.

No. 94–3061.

United States District Court,
C.D. Illinois,
Springfield Division.

July 15, 1994.

Larry D. Kuster, Jacksonville, IL, for plaintiff.

Michael B. Erp., Irving M. Friedman, Eric E. Mennel, Chicago, IL, for defendant.

### *OPINION*

RICHARD MILLS, District Judge:

Interpretation of a collective bargaining agreement.

The vehicle: cross motions for summary judgment.

#### I. Background

The Defendant represents persons employed by the Plaintiff at its care facilities. On November 23, 1992, the Plaintiff and the Defendant entered into a one-year collective bargaining agreement. Art. XIII, § 13.3 of the agreement specifies the holiday pay for

covered employees. Two of the holidays included are Thanksgiving Day and the day after Thanksgiving. On December 28, 1992, the Defendant filed a grievance with the Plaintiff, claiming that employees who worked during the Thanksgiving holiday did not receive all of the compensation due them under § 13.3 of the collective bargaining agreement.

The Defendant claims that employees who work on a holiday are entitled to double pay plus holiday pay, while the Plaintiff contends that the employees should receive only regular pay plus holiday pay. Having no success with the Plaintiff, the Defendant appealed its grievance to binding arbitration under Art. IX, § 9.1 of the agreement. Art. IX, § 9.3 of the collective bargaining agreement states that the "authority of the arbitrator shall be confined exclusively to *the interpretation* ... of the express provisions of this agreement" and that "[t]he written award of the arbitrator on the merits of any grievance adjudicated ... shall be *final and binding*" on the parties. (emphasis added).

On October 19, 1993, Arbitrator Gerald Berendt held a hearing on the matter and on January 3, 1994 issued an extensive written decision sustaining the Defendant's grievance. The Plaintiff then filed suit against the Defendant in the Morgan County Circuit Court, asking that the Arbitrator's decision be set aside because the Arbitrator had exceeded his authority in interpreting Art. XIII, § 13.3 of the collective bargaining agreement. The Defendant subsequently removed the case to this Court, asserting jurisdiction under 29 U.S.C. § 185.

## II. Summary Judgment

Under Fed.R.Civ.P. 56(c), summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Black v. Henry Pratt Co.*, 778 F.2d 1278, 1281 (7th Cir.1985). The moving party has the burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving

party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir.1983).

## III. Analysis

There is no factual dispute in this case. The only contested issue is whether the Arbitrator exceeded his authority in interpreting the holiday pay provision of the collective bargaining agreement. Thus, the Court is presented with a legal question capable of being resolved by means of summary judgment.

█ Under 9 U.S.C. § 10, an extremely high standard of review is accorded to the decision of an arbitrator. A district court may only vacate the award of an arbitrator if the award was procured by fraud, corruption, or misconduct on the part of the arbitrator or if the arbitrator exceeded his powers in making his decision. The U.S. Supreme Court has held that the award of an arbitrator may not be set aside on grounds that the arbitrator exceeded his authority in interpreting a provision of a collective bargaining agreement unless the arbitrator's decision was not based on the actual contract. *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597–99, 80 S.Ct. 1358, 1361–62, 4 L.Ed.2d 1424 (1960); *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36–38, 108 S.Ct. 364, 369–71, 98 L.Ed.2d 286 (1987).

█ In this case, the Court finds that the Arbitrator's interpretation of Art. XIII, § 13.3 of the collective bargaining agreement was a reasonable one, given the highly ambiguous nature of the language used in this section of the agreement. Part (A) of § 13.3

provides that employees are to be compensated at their regular rate of pay for "normally scheduled" work on a holiday and that employees not scheduled to work on a holiday shall also receive pay for that day. Part (C) of § 13.3 allows an employee not scheduled to work on a holiday to request work on a holiday in exchange for a paid day off within the next 90 days. In other words, all employees are entitled to receive a paid day off for each designated holiday. So far, no confusion.

However, Part (B) of § 13.3 states that employees who work on a holiday are to be paid at twice their regular rate of pay for the first eight hours worked and at their regular rate of pay for any additional hours. While this section could be construed as placing a cap on the total pay—including holiday pay—which an employee may earn for work performed on a holiday, it is equally plausible that this section refers to the base pay for employees who work on a holiday, independent of the holiday pay that every employee receives. If Part (B) merely placed a limit on the total pay that an employee who works on a holiday could receive, it would be redundant to Parts (A) and (C). Furthermore, Part (B) specifies the rate of overtime pay for employees who work on a holiday. Thus, Part (B) must have a meaning independent of Parts (A) and (C). If it is given an independent meaning, then an employee who works on a holiday receives the pay specified in Part (B), plus the separate holiday pay described in Parts (A) and (C). This is the interpretation given to the agreement by the Arbitrator.

There is a distinct difference between the language of Parts (A) and (B) of § 13.3 of the contract. Part (A) states that when a holiday is observed, an employee is to be compensated at the regular rate of pay for the employee's *normally scheduled* hours, and that if the employee is scheduled for a day off, he shall still be compensated for that day. Part (B), on the other hand, provides the rates of pay for *actual work* performed by an employee on a holiday. Thus, it appears that Part (A) refers to holiday pay for *all* employees, while Part (B) refers to the pay to be given to those employees who actually work on a holiday.

As it is written, the holiday pay provision of the collective bargaining agreement is not entirely clear. However, the interpretation attributed to the agreement by the Arbitrator is not an unreasonable one. From a review of the Arbitrator's decision, he based his interpretation of § 13.3 of the agreement on the language of the agreement itself, as he was authorized to do under § 9.3 of the contract, and hence, he did not exceed his authority. Consequently, the Court must affirm the Arbitrator's ruling. Had the Plaintiff desired that employees should receive only regular pay in addition to their holiday pay, the Plaintiff should have included more precise language to that effect in the contract. The contract as agreed to by the parties supplied the ambiguity which allowed the Arbitrator to reach his ultimate decision, and absent an interpretation foreign to the contract, the parties are bound by the Arbitrator's ruling.

As a final matter, the Defendant has requested that it be reimbursed by the Plaintiff for its attorney fees and costs incurred in this action. While 29 U.S.C. § 185 does not provide for an award of attorney fees to a prevailing party, the Seventh Circuit has held that a prevailing party may nonetheless receive attorney fees if it can show that the action was brought by the opposing party "in bad faith to harass rather than to win." *Chrysler Motors Corp. v. Int'l Union, Allied Industrial Workers of America,* 959 F.2d 685, 689–90 (7th Cir.1992). Here, there is no evidence that this suit was brought for purposes of harassing the Defendant. Rather, the Plaintiff believed that the language of the contract was unequivocal in support of its interpretation of the holiday pay provision. Based on this premise, the Plaintiff naturally argued that the Arbitrator had ignored the "clear language" of the express provisions of the collective bargaining agreement and thus abused his authority. In sum, the Plaintiff believed that it was justified in its position. As a result, the Court declines to make a finding of bad faith and award the Defendant attorney fees.

*Ergo*, the Defendant's motion for summary judgment is ALLOWED, and the Plaintiff's motion for summary judgment is DENIED. The parties are to bear their own costs.

SO ORDERED.

CASE CLOSED.